UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM BENNEFIELD,

                Petitioner,          **DECISION AND ORDER**
                                                 **NO. 06-CV-6104(DGL)(VEB)**

    -vs-

SUPERINTENDENT ROBERT KIRKPATRICK,
Wende Correctional Facility Superintendent,

                Respondent.

## INTRODUCTION

Petitioner Adam Bennefield ("Bennefield" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following a guilty plea in Erie County Court to one count of escape in the first degree and two counts of attempted kidnapping in the second degree. *See* Petition (Docket No. 1). Bennefield is currently serving his sentence of concurrent determinate terms of imprisonment of fifteen years with respect the attempted kidnapping convictions, and with an indeterminate term of imprisonment of two to six years on the escape charge to be served consecutively thereto. On May 25, 2006, respondent served his answer and memorandum of law in opposition to the petition.

On May 31, 2006, Bennefield filed a motion to have his petition stayed and held in abeyance (Docket No. 8) pending his exhaustion of state court remedies. The Court (Payson, M.J.) entered an Order (Docket No. 11) denying petitioner's application without prejudice with leave to re-file upon a showing that he fulfilled the conditions set forth by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), for the invocation of the stay-and-abeyance procedure. In particular, Bennefield was instructed as follows:

-1-

> If petitioner intends to amend his petition to include additional claims that are not yet exhausted, he is directed to submit a proposed amended petition, including all of the claims by which he seeks to challenge the conviction, both exhausted and unexhausted. He should identify which of the claims is exhausted and which, in his view, is unexhausted.

Bennefield has re-filed his motion for a stay (Docket No. 14) and to amend his petition to add certain unexhausted claims. Respondent opposed the renewed motion for a stay, arguing that all of Bennefield's proposed claims are without merit. (Docket No. 15). Bennefield thereafter submitted a rebuttal affidavit (Docket No. 17).

This matter has been transferred to the undersigned in accordance with the scope of the original referral order entered in this case. (Docket No. 18). For the reasons set forth below, Bennefield's renewed motion for a stay is denied because he has failed to meet the *Rhines* criteria.

## DISCUSSION

The Supreme Court stated in *Rhines v. Weber* that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had [1] good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. On the other hand, the Supreme Court explained, even if a petitioner had "good cause" for the failure to exhaust the claims first, it would be an abuse of discretion to grant a stay when the claims are "plainly meritless." *Id.* at 277 (citing 28 U.S.C. § 2254(b)(2)).

In his renewed motion for a stay, Bennefield states that it is "petitioners [sic] belief that the following issues/grounds are unexhausted:

1.  The defendant was denied his right to have his written waiver of indictment signed in open court.

2. Defendant was denied his right to choose his defense for trial (not trial strategy).
3. Defendant was denied his right to punishment that fits the crimes and which is not cruel, unusual and disproportionate for the same or similar offenses prescribed in this jurisdiction. (Proposed Amendment).
1.[sic] That the petitioner was denied effective assistance of counsel at all pre-trial stages and up to plea and sentencing.
2.[sic] That the petitioner raised the fact that the petitioner's plea's [sic] were not knowing, intelligent, nor voluntarily made. Due to the petitioner not being advised of the Post-Release Supervision component of the convictions."

I shall examine each of these "issues/grounds" in turn.

I turn to the "first" "Point 1," which relates to an alleged infringement of petitioner's right to have "his written waiver of indictment signed in open court." In the attached memorandum of law, Bennefield has not provided facts or legal authority to support the merits of this claim. The only argument that might possibly pertain is his argument under "Point I" in the memorandum of law attached to the motion to stay. There, Bennefield states that his "claim that he was denied the right to an open trial when his waiver of indictment and pleas were taken in the judge"s [sic] chambers, is not procedurally barred." However, this argument addresses only respondent's assertion of the affirmative defense of procedural default with regard to Bennefield's claim alleging a violation of his First Amendment right to a public trial on the basis that his guilty plea was conducted in chambers. Under *Rhines*, a petitioner applying for a stay must demonstrate that the unexhausted habeas claim is not "plainly meritless." This Bennefield has failed to do, as discussed below.

"[T]he law is clear that the right to a grand jury indictment, although enshrined in the Fifth Amendment of the federal Constitution, does not extend to the states by virtue of the Fourteenth Amendment." *Rohit v. Conway*, No. 03-CV-01817 (SLT)(VVP), 2007 WL 1540268, at *4 (E.D.N.Y. May 24, 2007) (citing *Peters v. Kiff*, 407 U.S. 493, 496 (1972) ( "[T]he Fifth

Amendment right to a grand jury does not apply in a state prosecution.") (citing *Hurtado v. California*, 110 U.S. 516, 538 (1884) (holding that the words "due process of law," in the Fourteenth Amendment of the Constitution of the United States, do not necessarily require an indictment by a grand jury in a prosecution by a state for murder); *People v. Iannone*, 45 N.Y.2d 589, 594 n. 3 (N.Y. 1978) ("The right to indictment by a Grand Jury in New York is dependent solely upon [the] State Constitution . . . .") (citations omitted in original)). Courts in this circuit consistently have recognized that a defendant's right to a grand jury is a matter of New York state law. *E.g.*, *Rohit*, 2007 WL 1540268, at *4 (citing *Mirrer v. Smyley*, 703 F. Supp. 10, 11-12 (S.D.N.Y.1989) ("The right to a grand jury is a matter of New York State law and as such is not reviewable on a petition for habeas corpus.") (citing *Hameed v. Jones*, 750 F.2d 154, 160 (2d Cir.), *cert. denied*, 471 U.S. 1136 (1984)). These courts have held that such claims alleging the abridgment of such a right are therefore not cognizable on habeas review since, as the Supreme Court has "stated many times . . . federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotation omitted). *See Mirrer v. Smyley*, 703 F. Supp. at 11-12; *Melendez v. Garvin*, 256 F. Supp.2d 183, 185 (S.D.N.Y. 2003) (finding a habeas claim alleging the impropriety of a waiver to a grand jury indictment was "a question of state law alone" and "not cognizable on federal habeas review.") (cited in *Rohit*, 2007 WL 1540268, at *4) (rejecting habeas petitioner's claim that his waiver of his right to proceed by grand jury indictment, given as part of his guilty plea, was invalid based upon the "limited nature of the oral colloquy" that took place between the petitioner and the state court judge at the plea proceeding and his inability to read)). Bennefield has failed to show that an issue of constitutional dimension is contained within his claim relating to an alleged impropriety in his

waiver of indictment. Surely it would not be a proper exercise of discretion to grant a stay to exhaust a claim that will not, once it is exhausted, be cognizable on federal habeas review.

I turn next to the "first" "Point 2" in Bennefield's renewed motion to stay, in which he contends that he was "denied his right to choose his defense for trial (not trial strategy)." In his attached memorandum of law, he states that he "explained that he wanted his defense counsel to use the available objective [sic] or methods because of non-legal factors [sic], and have defense counsel raise a defense of Extreme Emotional Disturbance (EED) and/or not guilty by reason of mental disease or defect." This is the extent of Bennefield's discussion of the merits of these claims. As an initial matter, I note that on direct appeal, Bennefield's appellate counsel asserted a claim that the trial court "erred in denying defense counsel's request to obtain expert psychiatric services pursuant to [New York] County Law § 22-c with respect to a possible insanity defense." *People v. Bennefield*, 306 A.D.2d 911, 912, 761 N.Y.S.2d 906 (App. Div. 4th Dept. 2003). This belies Bennefield's assertion that trial counsel failed to investigate defenses relating to his alleged mental incompetence. Moreover, as the Appellate Division went on to note, "defendant was examined and found to be competent on two occasions, including two days before the plea proceedings, and nothing in the record casts doubt upon his fitness to proceed." *Id.* It would be unreasonable to fault trial counsel for failing to pursue a defense of EED or insanity in light of the fact that Bennefield was found to be competent after two psychiatric examinations. Furthermore, Bennefield has not presented to this Court any evidence supporting a viable insanity defense at the time he allegedly committed the crimes.[1] Therefore, there is no basis upon

---

[1] In fact, it appears that the only "psychiatric records evincing a mental condition" that Bennefield has submitted "post-date[ ] the occurrence of his crimes." Erie County Court Order dated 12/7/05 denying C.P.L. § 440.10 Motion. Thus, as the state court found, there was "no evidence that the defendant suffered from a debilitating mental condition prior to or on the date that the crimes were committed." *Id.*

which a habeas court could find that he suffered prejudice due to trial counsel's alleged failure to pursue a non-meritorious defense of EED or insanity. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 691, 694 (1984) (to prevail on a claim of ineffective assistance, a petitioner must show that his counsel's performance at trial "fell below an objective standard of reasonableness" and that the performance caused him "substantial prejudice."). Bennefield has therefore failed to show that this claim of ineffective assistance of trial counsel asserted in the "first" Point 2 is not "plainly meritless."

I turn next to Point 3, in which Bennefield has asserted that he "was denied his right to punishment that fits the crimes and which is not cruel, unusual and disproportionate for the same or similar offenses prescribed in this jurisdiction." I have interpreted this to mean that he believes his sentence (1) violated the Eighth Amendment's proscription against cruel unusual punishment and (2) violated his rights under the Equal Protection Clause. Neither of Bennefield's arguments present a constitutional issue cognizable on federal habeas review.

A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. *See Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")). Where a habeas petitioner receives a sentence within statutory limits, he generally has no viable constitutional claim regarding the length of his sentence. *See White v. Keane*, 969 F.2d 1381,

1383 (2d Cir. 1992). Here the sentence imposed upon Bennefield was well within the permissible limits under New York's Penal Law.  Moreover, the Supreme Court has held that "for crimes concededly classified and classifiable as felonies . . . the length of the sentence actually imposed is purely a matter of legislative prerogative." *Rummel v. Estelle*, 445 U.S. 263, 274 (1980) (finding that imposing a sentence of life imprisonment according to a recidivist statute for a third felony offense of obtaining $120.75 by false pretenses did not violate the Eighth Amendment); *see also Harmelin v. Michigan*, 501 U.S. 957 (1991) (upholding a sentence of life without the possibility of parole on a conviction for cocaine possession, reasoning that even if severe penalties of long imprisonments might be considered "cruel," they are not "unusual," and do not violate the Constitution).  Second, the matter of sentencing "involves an individual judgment in the instance of each defendant; even in the same case, with multiple defendants convicted of the same crime, individual factors may warrant, and often do, entirely different sentences." *United States ex rel. Resseguie v. Follette*, 297 F. Supp. 1103, 1105 (S.D.N.Y. 1969). It is for this reason that federal courts have held that the dual protections of "due process and equal protection of the law 'do not mean equal sentences in criminal cases.'" *Id.* at 1105 & n.4 (quoting *United States v. Vita*, 209 F. Supp. 172, 173 (E.D.N.Y. 1962)). Bennefield has therefore failed to show that his claims attacking the validity of his sentence are even cognizable on federal habeas review. *See Munoz v. Lacy*, 1996 WL 1086217, at *3 (E.D.N.Y. Sept. 3, 1996) (rejecting Eighth Amendment claim where petitioner's sentence was within statutory limits, and the Second Circuit had specifically found that a sentence of six years to life for selling cocaine was not cruel and unusual); *Resseguie*, 297 F. Supp. at 1105  (prisoner, who had pleaded guilty to robbery in the first degree, received 10 to 20 years; it was not a denial

of due process and equal protection for the state court to fail to re-sentence him when his brother, who was charged in the same indictment, was given sentence of 10 to 13 years on subsequent resentencing). Bennefield's attacks on his sentence via the Eighth Amendment and Equal Protection Clause are plainly meritless.

Next, I examine the "second" "Point 1" in Bennefield's motion to stay: "That the petitioner was denied effective assistance of counsel at all pre-trial stages and up to plea and sentencing." This blanket assertion of incompetence by Bennefield regarding the entirety of his trial attorney's representation is entirely too vague to begin to state a claim for habeas relief. Apart from counsel's purported failure to pursue an insanity defense, which allegations I have addressed above in this Order, Bennefield provides no factual allegations under the "second" "Point 1" regarding what trial counsel's alleged errors were. Thus, the "second" "Point 1" does not state a colorable habeas claim.

Finally, I find that the "second" "Point 2" in the renewed motion to stay quoted above does not appear to be an unexhausted claim which Bennefield proposes to add to the petition. Rather, it is an argument attempting to rebut respondent's assertion in his opposition memorandum of law that Bennefield failed to preserve his claim regarding the voluntariness of his guilty plea by moving to withdraw the plea. This interpretation is supported by Bennefield's statements under "Point II" in the memorandum of law attached to the renewed motion to stay; petitioner argues that his "claim that he was denied due process rights because of an invalid plea is not, [sic] procedurally barred."

As discussed above, Bennefield has failed to demonstrate that any of his exhausted claims sought to be added to the petition are "potentially meritorious." Under the circumstances

presented here, where Bennefield has failed to show that any of his claims potentially have merit, the Court need not even consider the "good cause" factor. The Supreme Court has plainly stated that "even if a petitioner had good cause for [the] failure [to present his claims first to the state courts], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277. Accordingly, I conclude that it would not be a proper exercise of discretion to utilize the stay-and-abeyance procedure in Bennefield's case, and the renewed motion for a stay must be denied.

## CONCLUSION

For the reasons stated above, petitioner's renewed motion to stay his habeas corpus petition and to amend his petition to add certain unexhausted claims (Docket Nos. 14 & 17) is **DENIED** with prejudice.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   March 4, 2008
         Rochester, New York.